INDIANA ASPHALT PAVING COMPANY ET AL. *v.*
BERGEN ET AL.

[No. 15,370. Filed November 22, 1937. Rehearing denied March
10, 1938. Transfer denied May 10, 1938.]

*Victor R. Jose, Jr.,* for appellants.

*Henderson & Henderson,* for appellees.

CURTIS, J.—This was an action by the appellee Harold
Bergen against the Indiana Asphalt Paving Company
and Hartford Accident and Indemnity Company, appel-
lants, and Fatout Construction Company, the other ap-
pellee. Omitting formal parts the complaint is as fol-
lows:

"The plaintiff complains of the above named defendants and each of them, and complaining says:

"(1) That the defendant, Indiana Asphalt Paving Company, is a corporation organized under the laws of the State of Indiana.

"That the defendant, Hartford Accident and Indemnity Company, is a foreign corporation but admittees to do business in the State of Indiana, and during all the times herein mentioned did, as a part of its authorized business, execute indemnity bonds, as surety on contracts and persons who were, or might be, awarded contracts by the State of Indiana for the construction of State and Federal Aid Highway Projects, through the State Highway Commission of Indiana.

"That the defendant, Fatout Construction Company, is an Indiana corporation and it and the Indiana Asphalt Paving Company during the times herein mentioned, were engaged, as a part of their respective businesses, in the construction of highways.

"(2) That on or about the 5th day of April, 1932, the said Indiana State Highway Commission had duly passed previously a resolution to construct Federal Aid Project No. 251, Sections A, B, and C, and in pursuance thereof, did duly advertise for bids therefor, received bids for the construction thereof and did, on or about said date, award the contract for said Sections A and B to the Indiana Asphalt Paving Company, copy of which said contract is filed herewith, made a part hereof, and for certainty is marked EXHIBIT I. That, also, and as a part of the same transaction, there was executed a contract for Project No. 251, Section C, a copy of which said contract is filed herewith, made a part hereof, and for certainty is marked EXHIBIT II.

"(3) That as a part of the awarding of said contract marked Exhibit I, and concurrently therewith, the defendant, Indiana Asphalt Paving Company, as principal, and the defendant, Hartford Accident and Indemnity Company, as surety, executed to the State of Indiana, contractee, as aforesaid, a bond, a copy of which is filed herewith, made a part hereof and for certainty is marked EXHIBIT III. Also, in the execution of said con-

tract marked Exhibit II, and concurrently therewith, the said Indiana Asphalt Paving Company, as principal, and the Hartford Accident and Indemnity Company, as surety, executed a bond to the State of Indiana, contractee, a copy of which is filed herewith, made a part hereof and for certainty is marked EXHIBIT IV. That there is a provision in each and both of said bonds, that said contractor shall pay all lawful claims of sub-contractors, materialmen and laborers for labor performed and material furnished in the carrying forward, performing and completion of such contracts, and that the parties signatory thereto did agree and assent that the respective undertakings shall be for the benefit of any materialmen or laborers having just claims.

"(4) That some time subsequent to said 5th day of April, the defendant, Indiana Asphalt Paving Company, sublet parts of each of said contracts to said Fatout Construction Company, in connection with the grading and building of shoulders and ditches, as called for in each of said contracts, but this plaintiff is unable to state any of the terms and conditions thereof, but defendants know the same.

"(5) That this plaintiff, Harold Bergen, was employed by the Fatout Construction Company in connection with said contract so sublet, and he did perform labor thereunder, beginning in May, 1932, and continuously thereafter, as an employee of said Fatout Construction Company until said work was completed on or about December 3, 1932. That he was employed by said Fatout Construction Company at a wage of $300.00 per month, and he worked on said Projects as named in said contracts for the period of six months and ten days at said wage, and the total amount earned thereunder was $1900.00, and all said work was done and accepted by said Fatout Construction Company, as such sub-contractor, and to the approval of the State of Indiana, contractee, through the Indiana State Highway Commission. That the said Fatout Construction Company has paid him for said work only in the sum of $498.00 and there is now due him, and wholly unpaid, the sum of

$1,402.00 on which sum he claims interest from said 3rd day of December, 1932.

"WHEREFORE, plaintiff demands judgment against each and all defendants in the sum of Fourteen Hundred and Two Dollars ($1402.00), with interest thereon, and for all other proper relief in the premises."

We omit to set out the exhibits, which are lengthy. The bond filed and set out as an exhibit to the complaint and sued upon was the statutory bond required at the time on highway construction contracts.

The complaint was answered by a general denial and a plea of payment. Upon the issues thus made the cause was submitted to the court for trial. Upon proper request the court made a special finding of facts and stated conclusions of law thereon. The conclusions of law follow:

"(1) That the law is with the plaintiff.

"(2) That the plaintiff is entitled to recover of and from the Fatout Construction Company severally and the Indiana Asphalt Paving Company and the Hartford Accident and Indemnity Company jointly, the sum of $1248.00 in principal and $120.68 interest, and in all $1368.68."

The appellants filed exceptions to each conclusion of law and the only error relied upon for reversal is alleged error in each of said conclusions. The finding of facts is unassailed and will be therefore treated by this court as correct and fully sustained by the evidence. We do not deem it necessary to lengthen this opinion by setting out all of the finding. It finds in favor of the appellee Bergen upon all of the material allegations of the complaint. We set out item 4 of the finding of facts, to wit:

"4. That the defendant Fatout Construction Company had in its employ in the performance of the sub-contract in the preceding finding mentioned the plaintiff, Harold Bergen, and he began work on said grading and building of shoulders and

ditches as in these findings mentioned on the — day of May, 1932, and continuously thereafter up to the 15th day of November, 1932, continued doing and performing work in said construction. That at the time he began said work and continuously while said work was going on, his salary had been fixed at $300.00 per month by him and his said employer, and it continued to be such until the 15th day of November. That he was paid by his said employer on and from the 1st day of June to the 13th day of July, 1932, $498.00, leaving a balance due him for said work of the sum of $1248.00, all of which is due and unpaid."

The finding shows that the work under the construction contract was completed and accepted on or about July 1, 1933. Some time in October, 1933, the appellee Bergen notified each appellant of his claim. His complaint was filed and summons ordered December 4, 1933. It is the appellants' contention that the bond sued upon did not inure to the benefit of the appellee Bergen. In this contention the appellants are in error. The finding clearly shows that Bergen performed labor and work in the performance of the sub-contract continuously from the — day of May, 1932, up to the 15th day of November, 1932. The statute among other things requires of such bonds that they be "conditioned also upon the payment by the contractor and by all sub-contractors for all labor performed or materials furnished in the construction of the highway." The further provision of the statute is that "The bond hereinbefore provided shall be in the following form, and recovery of any claimant thereunder shall .be subject to the conditions and provisions of this Act, to the same extent as if such conditions and provisions were fully incorporated in said bond form." Section 8285 Burns 1926. The bond itself provides that the obligors "shall pay all lawful claims of sub-contractors for labor performed and materials furnished in the carrying forward, performing and completing said con-

tract." This clause of the bond would be sufficient in itself upon which to base a recovery but being an official statutory bond required to be given the bond would be as broad as the statute even though the language of the bond might be narrower than the statute. See: *United States Co.* v. *Poetker* (1913), 180 Ind. 255, 102 N. E. 372; *General Asbestos & Supply Company* v. *Aetna Casualty & Surety Company of Hartford* (1935), 101 Ind. App. 207, 198 N. E. 813.

We find nothing in the contention of the appellants that the appellee Bergen was not performing labor within the meaning of that word as used in the statute and bond. The trial court found that he was "performing work in said construction" which included "work on said grading and building of shoulders and ditches." In view of the finding of fact which is unchallenged we think that the bond clearly covered him. There was no error in either of the conclusions of law.

Judgment affirmed.